IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VICTOR HOLM,

                                       OPINION and ORDER

              Plaintiff,

                                       16-cv-794-bbc

     v.

CAPTAIN CASIANA, LT. ANDERSON,
TRISHA ANDERSON, DR. STEUGA and
PHILIP KERCH,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Victor Holm has been granted leave to proceed a claim that defendants Captain Casiana, Trisha Anderson, Lt. Anderson, Dr. Steuga and Philip Kerch drew his blood and conducted a urinalysis in violation of his rights under the Fourth Amendment. Before the court is plaintiff's motion to use release account funds to pay for copies, postage and fees in this case. Dkt. #12. I am denying the motion for the reasons stated below.

OPINION

      The use of inmate release account funds is governed by state law, which provides that "[r]elease account funds may not be disbursed for any reason until the inmate is released to field supervision, except to purchase adequate clothing for release and for out-of-state release transportation." Wis. Admin. Code § DOC 309.466(2). It is up to prison officials to decide how to apply the release-account regulations; this federal court generally cannot tell state

1

officials how to apply state law.  Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984).  There is no federal law permitting this court to order prison officials to allow plaintiff to use his release savings account to pay for costs such as postage and copies that he incurs in litigating this case.  It is only when a prisoner's general account has insufficient funds to pay an initial partial filing fee payment that the Prisoner Litigation Reform Act permits this court to order an institution to access a prisoner's release account funds to satisfy that payment.  E.g., Artis v. Meisner, No. 12-cv-589, 2015 WL 5749785, at *5-6 (W.D. Wis. Sept. 30, 2015) ("Absent some authority requiring the prison to disburse [plaintiff's] release account funds, the court declines to interfere in the administration of Wisconsin state prisons . . . ." (emphasis in original)); Mosby v. Wommack, No. 08-cv-677, 2009 WL 2488011 (W.D. Wis. Aug. 12, 2009) ("[W]ith the exception of initial partial payments, [federal district courts] do not have the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account.").  Even though plaintiff argues that his release account has no purpose because he is serving a life sentence without the possibility of parole, the account may be used to reimburse the state for incarceration costs, legal loans and restitution.  Wis. Admin. Code § DOC 309.466(2). (The parties agree that plaintiff owes the Department of Corrections at least some amount in restitution.  Dkts. ##14 and 15.)  In any event, plaintiff's motion to use his release account funds must be denied.

Plaintiff's primary concern is being able to respond to defendants' requests for the production of documents and to serve discovery requests on defendants.  Although plaintiff is correct that the prisoner e-filing program can not be used to file requests for discovery, defendants respond that postage and photocopying is unnecessary because plaintiff may contact

2

the litigation coordinator at his institution to arrange for such documents to be scanned and emailed to defendants' attorney. Plaintiff does not respond to this suggestion in his reply brief, but he states that he has been having problems with the business office making copies for him of the documents requested by defendants. Dkt. #15 at 3-5. However, plaintiff has since filed an answer to defendants' requests for the production of documents and provided at least some of the requested documents, suggesting that he is now receiving the copies he requested. Dkt. #17. Therefore, plaintiff seems to have a means of filing both his discovery requests and responses.

ORDER

IT IS ORDERED that plaintiff Victor Holm's motion for use of release account funds, dkt. #12, is DENIED.

Entered this 19th day of September, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge