IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VICTOR HOLM,

                Plaintiff,

v.

CAPTAIN CASIANA, LT. ANDERSON,
TRISHA ANDERSON, DR. STEUGA and
PHILIP KERCH,

                Defendants.

OPINION and ORDER

16-cv-794-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Victor Holm has been granted leave to proceed on a claim that defendants Captain Casiana, Trisha Anderson, Lt. Anderson, Dr. Steuga and Philip Kerch drew his blood and conducted a urinalysis in violation of his rights under the Fourth Amendment. Before the court are plaintiff's motion to amend his complaint, dkt. #24, and his objection to defendants' expert witness disclosures, dkt. #23. I am denying both motions for the reasons stated below.

OPINION

A. Motion to Amend

Although a court should "freely give leave [to amend a complaint] when justice so requires," Fed. R. Civ. P. 15(a)(2), it may deny leave to amend where there has been "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." Gonzalez–Koeneke v. West, 791 F.3d

1

801, 807 (7th Cir. 2015). Plaintiff seeks to clean up his complaint by amending it to divide it into separate counts and claims, remove the previously-dismissed due process claims, remove the defendants who have been dismissed and remove his Fourth Amendment claims. As defendants argue, such edits are unnecessary and do not justify leave to amend a complaint.

In his reply brief, plaintiff argues that his proposed amended complaint also includes revised figures for compensatory and punitive damages, adds new facts that he has learned through discovery and names Nurse Philip Kerch as a defendant. However, none of these proposed changes are necessary in this case. Plaintiff does not identify what new facts he learned through discovery, but because he does not state that he is seeking to add a new claim or pursue a new legal theory, he does not need to add to his complaint any facts that support his existing claims. Although plaintiff did not name Kerch as a defendant in the caption of his complaint, he does not have to amend his complaint to do so. He made allegations against Kerch in the body of the complaint, dkt. #1 at ¶ 27-28, and the court granted him leave to proceed on a claim against Kerch in its screening order, dkt. #6. Finally, plaintiff is not limited to the amount of damages that he requested in his original complaint, so there is no need for him to amend his complaint to revise the amount of damages that he is seeking. Oshana v. Coca-Cola Co., 472 F.3d 506, 511 (7th Cir. 2006). In sum, because plaintiff's proposed changes to his complaint are unnecessary, his motion for leave to amend his complaint will be denied.

B. Defendants' Expert Witness Disclosures

Plaintiff has filed a motion seeking to prevent defendants from calling Dr. Richard Steliga and Melinda Babcock as expert witnesses because defendants say that these

2

individuals were "not retained or specifically employed to provide expert testimony" and their "duties do not regularly involve giving expert testimony." Dfts'. Expt. Wit. Discl., dkt. #22 at ¶¶ 1,6. However, the fact that these individuals do not regularly serve as experts does not prevent them from giving an expert opinion on a subject about which they have personal knowledge.

Fed. R. Civ. P. 26(a)(2) requires parties to disclose the identity of any witness they may use at trial to present expert opinion evidence. An expert witness has scientific, technical or other specialized knowledge that will help the jury understand the evidence or determine a particular fact at issue. Fed. R. Civ. P. 702. As defendants note in their expert disclosures, Steliga is a medical defendant in this case and will testify about the medical care and treatment that he and others working on his team provided to plaintiff. Babcock is a former corrections employee who will testify about policies and procedures related to security and drug testing of prisoners at the institution during the time period relevant in this case. Only those witnesses who are "retained or specifically employed to provide expert testimony" or "whose duties as . . . [an] employee regularly involve giving expert testimony" must provide a written report. Fed. R. Civ. P. 26(a)(2)(B). Therefore, defendants' statement to this effect regarding Steliga and Babcock simply makes clear that neither individual is required to submit a written report of their opinions. In any event, at trial, plaintiff will have the opportunity to cross examine both witnesses and challenge specific areas of their testimony that he believes may be irrelevant or outside of their areas of expertise.

Plaintiff also objects to defendants' intention to call as witnesses any psychological, medical or health care personnel identified in plaintiff's medical records to testify about their evaluation of plaintiff or about the care he was provided. Plaintiff argues that such testimony violates Wisconsin Statutes § 904.04(1), which states that "[e]vidence of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion." This statute is not on point because it applies in the context of a criminal prosecution. However, I understand plaintiff to be concerned about the possibility that defendants will comb his medical records for evidence related to unrelated incidents in an effort to characterize him unfavorably or make him seem less credible. Those concerns relate to whether the evidence is relevant under Fed. R. Evid. 401, and if so, whether it should be excluded under Fed. R. Evid. 403 because its probative value is substantially outweighed by any unfair prejudice to plaintiff, confusion of the issues, misleading the jury or needlessly presenting cumulative evidence. During summary judgment or at trial, plaintiff will have the opportunity to object to defendants' evidence on these grounds. In addition, if there is particular testimony that plaintiff is concerned about, he may file a motion in limine before trial, identifying the nature of the evidence or witness testimony and stating why he believes that it is irrelevant or should be excluded as unduly prejudicial or misleading.

Finally, plaintiff objects to defendants' reservation of the right to call additional rebuttal witnesses because the court has determined that there is no extra time in the schedule to allow for extensions for the expert disclosure deadline. Defendants state only

that they seek to call as possible rebuttal witnesses to any expert witness that plaintiff may name, any medical provider listed in plaintiff's medical records. The expert disclosure deadline does not need to be extended for such a purpose because defendants already have put plaintiff on notice that they may call his medical providers as witnesses. Accordingly, plaintiff's motion to exclude certain expert witnesses and testimony will be denied.

ORDER

IT IS ORDERED that plaintiff Victor Holm's motion to amend his complaint, dkt. #24, and his objection to defendants' expert witness disclosures, dkt. #23, are DENIED.

Entered this 5th day of January, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge