IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

VICTOR HOLM,

                Plaintiff,

     v.

CAPTAIN CASIANA, LT. ANDERSON,
TRISHA ANDERSON, DR. STEGLIA and
PHILIP KERCH,

                Defendants.

OPINION AND ORDER

16-cv-794-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On March 19, 2018, I granted summary judgment in favor of defendants Captain Casiana, Trisha Anderson, Lt. Anderson, Dr. Steglia and Philip Kerch on plaintiff Victor Holm's claim that defendants drew his blood in violation of his rights under the Fourth Amendment. Dkt. #47. In particular, I concluded that defendants were entitled to qualified immunity on plaintiff's claim because it was not clearly established that the Fourth Amendment prohibited defendants from taking a blood sample from plaintiff under the circumstances as they existed at the time of the draw. Now before the court is plaintiff's motion for reconsideration, in which he argues that I erred in concluding that defendants are entitled to qualified immunity. Dkt. #49.

Plaintiff contends that it is clearly established that warrantless searches of the human body, including the taking of blood, violate the Fourth Amendment. He further argues that defendants had no reasonable suspicion that he was intoxicated and,

1

moreover, defendants failed to comply with Department of Corrections policies and procedures for taking samples of bodily fluids.

As explained previously, whether defendants complied with department policy is not determinative of the constitutional question. Similarly, case law addressing the Fourth Amendment rights of free citizens, suspects or pretrial detainees is not controlling. Instead, the relevant question is whether there is clearly established law addressing the Fourth Amendment rights of a convicted prisoner to object to a blood draw. On that question, the law is not clearly established. The Court of Appeals for the Seventh Circuit has stated that the Fourth Amendment "protects, to some degree, prisoners' bodily integrity against unreasonable intrusions into their bodies." King v. McCarty, 781 F.3d 889, 900 (7th Cir. 2015). However, neither the Supreme Court nor the court of appeals has provided clear guidance for determining the situations in which the Fourth Amendment applies to searches of prisoners. Here, defendants decided to require a blood test based on an informant's statement that plaintiff might be "high," along with plaintiff's failure to wake up promptly when approached by officers and his acting tired and unfocused when confronted by defendant Lt. Anderson. Plaintiff has cited no clearly established law in support of his argument that defendants' decision violated his Fourth Amendment rights. Therefore, defendants were entitled to summary judgment on grounds of qualified immunity.

ORDER

IT IS ORDERED that plaintiff Victor E. Holm's motion for reconsideration, dkt. #49, is DENIED.

Entered this 7th day of May, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge